**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 07-121-JJF |
| | : |
| DOUGLAS RUNK, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S OPPOSITION TO MOTION TO SUPPRESS EVIDENCE**

Defendant Douglas Runk has filed a Motion to Suppress Evidence (D.I. 10), seeking to exclude all evidence seized from and as the fruits of a traffic stop of Mr. Runk. Defendant's motion should be denied without an evidentiary hearing. Defendant's own recitation of the relevant facts supports the existence of reasonable suspicion to stop his car and his motion fails to set forth any colorable basis for the requested relief. Accordingly and for the reasons set forth below, the government respectfully requests that the Court deny the motion without an evidentiary hearing.

**I.   BACKGROUND**[1]

On the morning of August 3, 2007, at approximately 7:00 A.M., an officer with the Delmar Police Department initiated a traffic stop on Runk's truck after observing him swerve across the center line in the roadway twice as well as following the vehicle in front of him too closely. A canine unit arrived at the scene and scanned for possible narcotics, at which point it was discovered that defendant had marijuana in his truck. Officers then placed defendant under arrest and took him to the Delmar Police Department. After being advised of and waiving his

---

[1] The Background section is based primarily on the police reports prepared in connection with this case.

<u>Miranda</u> rights, defendant spoke with DEA Task Force Officer (TFO) Ron Marzec. TFO Marzec advised defendant that he was familiar with him and believed he was growing marijuana at his residence in Laurel, Delaware. Runk acknowledged that he was growing marijuana at several locations on his property. This information was incorporated into an affidavit in support of a search warrant for defendant's residence and other buildings located on his property. Defendant accompanied officers during execution of the warrant, during which over 200 marijuana plants were discovered in what appeared to be a commercial grow operation. The Grand Jury for the District of Delaware returned a two count indictment against Runk on September 4, 2007 charging him with (1) manufacture of one hundred (100) or more marijuana plants and; (2) possession with intent to distribute one hundred (100) or more marijuana plants, both in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

At the time of the traffic stop at issue, Runk had been the subject of a DEA investigation for the better part of the summer. He was under surveillance at the time he left his house on the morning of August 3, 2007. TFO Marzec requested that defendant be stopped if he violated any traffic laws. Defendant was stopped for two violations--- following another vehicle too closely and crossing over the center line. Defendant admits that he committed these violations, but did so out of necessity. (Def. Br., 2.)

**II.    ARGUMENT**

The Motion to Suppress challenges the validity of the officer's initial stop of the Runk's vehicles and "all evidence that was developed as fruit of the poisonous tree of his unlawful seizure." (Def. Br., 2.) on the grounds that there was no reasonable suspicion to stop his truck. "An evidentiary hearing on a motion to suppress need be held only where the moving papers allege facts with sufficient definiteness, clarity, and specificity to conclude that contested issues of fact exist." <u>United States v. Howell</u>, 231 F.3d 615, 620 (9th Cir. 2000). A defendant must

present "more than mere bald-faced allegations of misconduct," in order to require an evidentiary hearing. United States v. Voight, 89 F.3d 1050, 1067 (3d Cir. 1996). Runk's thin motion fails to meet this standard as his challenge to the Government's evidence lacks a factual or legal basis.

Defendant admits the very conduct that gave rise to the traffic stop of his vehicle. Although defendant contends that "any action he took was in response to emergency conditions created by a third vehicle," (Def. Br., 2), in doing so, he essentially acknowledges that he was traveling too close to another vehicle and crossed the relevant traffic lines. Although his explanation may have provided some justification for his actions and could have prevented the officer from issuing a traffic citation, the justification defense does not vitiate the underlying reasonable suspicion for a traffic stop— that the officer observed him commit violations of the motor vehicle laws. See, e.g., United States v. Mosley, 454 F.3d 249, 252 (3d Cir. 2006) (traffic stop justified where traffic violation observed, even if the stop is pretextual for further investigation); United States v. Sharp, 2002 WL 31855064, *2 (D. Del., Dec. 20, 2002) (violation of state traffic laws is reasonable basis for stopping vehicle).

Moreover, any evidence obtained in connection with the search of defendant's residence should not be excluded even if the initial stop was improper (which the government vigorously contends was legal) under the inevitable discovery exception to the exclusionary rule. Here, the defendant was the subject of a long term DEA investigation. Officers were continuing to gather evidence to support a search of the residence, but already had significant information based upon aerial surveillance of his property, monitoring of his unusually significant electrical consumption, purchases of hydroponic equipment, defendant's criminal history reflecting prior manufacture of marijuana offenses, and the arrests of known associates of defendant's on drug charges. The investigation was ongoing and even absent the stop of Runk's truck, his residence

would have been searched and the marijuana grow operation inevitably would have been discovered.  See, e.g., Nix v. Williams, 467 U.S. 431 (1984); Mosley, 454 F.3d at 254 (where government can demonstrate inevitable discovery evidence obtained pursuant to unlawful search admissible); United States v. Warford, 439 F.3d 836, 844 (8th Cir. 2006) (drugs taken in illegal search not suppressed where flyby surveillance would have led to inevitable discovery); United States v. Singh, 261 F.3d 530, 535 (5th Cir. 2001) (discovery inevitable where officers had premises under surveillance and witnesses voluntarily agreed to be questioned after search).

Because there was, even under defendant's version of the facts, reasonable suspicion for the stop of his vehicle, the stop and all evidence gathered in connection with that stop were legally obtained and should not be suppressed.  Moreover, under the inevitable discovery exception to the exclusionary rule, the evidence is also admissible.  The defendant has failed to articulate a disputed issue that even necessitates holding an evidentiary hearing and has provided no colorable basis for suppressing the evidence.

### III.    CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court deny defendant's Motion to Suppress Evidence without an evidentiary hearing and schedule this matter for trial.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney

                By:    s/Lesley F. Wolf
                Lesley F. Wolf
                Assistant United States Attorney

Dated:   December 11, 2007

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-121-JJF |
| | ) | |
| DOUGLAS RUNK, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

    I, Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, hereby certify that on the 11th day of December 2007, a copy of the foregoing Opposition to the Motion to Suppress Evidence was sent via U.S. mail to counsel of record as follows:

>Joseph A. Hurley, Esq.
>1215 King Street
>Wilmington, DE 19801

                                                         _s/Lesley F. Wolf_____
                                                         Lesley F. Wolf
                                                         Assistant United States Attorney