Filed in Open Court this 20th day of May 2008.

MMS.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 07-121-JJF |
| | ) | |
| DOUGLAS RUNK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, and the defendant, Douglas Runk, by and through his attorney, Joseph Hurley, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to waive indictment and plead guilty in the United States District Court for the District of Delaware to a two-count Felony Information, which charges him with manufacture of a controlled substance, to wit, 50 or more marihuana plants, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) (Count One) and being a prohibited person in possession of a firearm, in violation of Title 18 United States Code Sections 922(g)(1) and 924(a)(2) (Count Two). Count One carries a maximum sentence of twenty years imprisonment; a $1,000,000 fine; a term of supervised release of at least three years up to a life term of supervised release; and a $100.00 special assessment. Count Two carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial, the Government would have to prove the following elements of the offense charged in Count One: namely, (1) that on or

about August 3, 2007, in the State and District of Delaware, the defendant Douglas Runk (2) knowingly; (3) manufactured; (4) 50 or more marihuana plants. The defendant knowingly, voluntarily and intelligently admits his guilt to those four elements of the offense charged in Count One of the Information in the above case. The defendant also understands that if there were a trial, the Government would have to prove the following elements of the offense charged in Count Two: namely, (1) that on or about August 3, 2007, he knowingly possessed a two firearms, to wit, a Mossberg Model 852 20 gauge shotgun, and a Springfield Savage Model 67E 12 gauge shotgun, serial number C485586; (2) that in or around May 1992, in the Circuit Court of Searcy County, Arkansas, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (3) the firearms affected interstate and/or foreign commerce.

    3.    At or about the time of sentencing, the Government will dismiss the Indictment filed on September 4, 2007.

    4.    For purposes of sentencing, the defendant knowingly, voluntarily and intelligently admits that on or about August 3, 2007, he knowingly manufactured two hundred thirty-three (233) marihuana plants. For purposes of calculating the applicable Sentencing Guidelines offense level, each marihuana plant is equivalent to one hundred (100) grams of marihuana. Accordingly, for the purposes of calculating the applicable Sentencing Guidelines offense level, the parties agree and stipulate that the amount of marijuana attributable to the defendant is between twenty (20) and forty (40) kilograms of marihuana. U.S.S.G. § 2D1.1(c)(11).

    5.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point

reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. The Government will move for an additional one-point reduction, if the defendant qualifies for such a decrease under United States Sentencing Guideline Section 3E1.1(b).

6.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7.  The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case. The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 – except that the defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) his counsel provided ineffective assistance.

8.  It is further agreed by the parties that this Memorandum supersedes all prior

promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                              COLM F. CONNOLLY
                              United States Attorney

_____   BY: _____
Douglas Runk                           Lesley F. Wolf
Defendant                                  Assistant United States Attorney

_____
Joseph Hurley, Esquire
Attorney for Defendant

Dated: 5/20/08

      AND NOW, this 20 day of May, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                _____
                                Honorable Joseph J. Farnan, Jr.
                                United States District Judge