IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-121- JJF |
| DOUGLAS RUNK, | : |
| Defendant. | : |

## MOTION OF THE UNITED STATES
## FOR A PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney for the District of Delaware, submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1. Defendant has been convicted of the offenses alleged in Counts One and Two of the Felony Information. Count One charged the defendant with manufacture of marijuana and Count Two charged defendant with possession of a firearm by a person previously convicted of a crime punishable by a term of imprisonment of more than one year.

2. In the Felony Information, the United States sought forfeiture, pursuant to 21 U.S.C. § 853 of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense, any property used or intended to be used in any manner or part to commit or facilitate the commission of the said violations, including, but not limited to the Real Property known as 27019 Kaye Road, Laurel, Delaware, 19956.

3. On May 20, 2008, the Court accepted a Memorandum of Plea Agreement.

4. The United States has received $45,000 from defendant which will be forfeited as

a substitute asset in lieu of the Real Property known as 27019 Kaye Road, Laurel, Delaware, 19956, in accordance with 21 U.S.C. § 853(p).

5.  The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853 which authorizes the forfeiture of all property constituting, or derived from, proceeds of violations of 21 U.S.C. § 841, and any property used or intended to be used in any manner or part to commit or to facilitate violations of 21 U.S.C. § 841.

6.  Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

> (1) As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
> (2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in

the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

7. Based upon the evidence set forth in the plea agreement, presented at the change of plea hearing, and in the attached declaration, the United States has established the requisite nexus between the property and the offenses to which the defendant has pled guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

8. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1) the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Lesley F. Wolf, Assistant United States Attorney within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described in Paragraph 4 above and order the United States Marshals Service to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

A proposed order is attached for the Court's convenience.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Lesley F. Wolf
Assistant United States Attorney

DATED:   August 28, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-121- JJF |
| DOUGLAS RUNK, | : |
| Defendant. | : |

## DECLARATION OF RONALD MARZEC IN SUPPORT OF MOTION FOR PRELIMINARY ORDER OF FORFEITURE

1. I, Ronald Marzec, am a Task Force Officer with the Drug Enforcement Agency and participated in the investigation of the above matter.

2. On or about August 3, 2007, I participated in the arrest of defendant for manufacture of marijuana at his residence at the Real Property known as 27019 Kaye Road, Laurel, Delaware, 19956.

3. In a subsequent interview, defendant admitted to growing marijuana at the Real Property known as 27019 Kaye Road, Laurel, Delaware, 19956.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 27th day of August, 2008.

_____
Ronald Marzec

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07-121- JJF |
| DOUGLAS RUNK, | : |
| Defendant. | : |

**PRELIMINARY ORDER OF FORFEITURE**

THIS ___ day of _____, 2008, IT IS HEREBY ORDERED that:

1. As a result of his conviction after a guilty plea on Counts I of the Information (the "Information"), for which the United States sought forfeiture pursuant to 21 U.S.C. § 853 and , the defendant shall forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation.

2. The Court determines, based on evidence set forth in the plea agreement, presented at the change of plea hearing, and in the declaration of Ronald Marzec that the Real Property known as 27019 Kaye Road, Laurel, Delaware, 19956, facilitated the offense of conviction and accordingly, in lieu of the forfeiture of that property, the substitute asset of $45,000 ("Currency") is forfeit to the United States.

3. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the

Currency in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Currency.

5. Any person, other than the above named defendant, asserting a legal interest in the Currency may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the alleged interest in the Currency, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Currency shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Currency, and any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Currency following the Court's disposition

of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

HONORABLE JOSEPH J. FARNAN, JR.<br>
UNITED STATES DISTRICT JUDGE