IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-121- JJF |
| DOUGLAS RUNK, | : | |
| Defendant. | : | |

**PRELIMINARY ORDER OF FORFEITURE**

THIS 3 day of September, 2008, IT IS HEREBY ORDERED that:

1. As a result of his conviction after a guilty plea on Counts I of the Information (the "Information"), for which the United States sought forfeiture pursuant to 21 U.S.C. § 853 and , the defendant shall forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation.

2. The Court determines, based on evidence set forth in the plea agreement, presented at the change of plea hearing, and in the declaration of Ronald Marzec that the Real Property known as 27019 Kaye Road, Laurel, Delaware, 19956, facilitated the offense of conviction and accordingly, in lieu of the forfeiture of that property, the substitute asset of $45,000 ("Currency") is forfeit to the United States.

3. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of the Order and its intent to dispose of the

Currency in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Currency.

5. Any person, other than the above named defendant, asserting a legal interest in the Currency may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the alleged interest in the Currency, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Currency shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Currency, and any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Currency following the Court's disposition

of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

10.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE